UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
97 JUL -2 AM 10: 21
U.S. DISTRICT COURT
N.D. OF ALABAMA

GERALD L. VINES CO., GERALD )
VINES, PUBLIC ACCOUNTANTS, )
GERALD L. VINES, individually, )
    Plaintiff(s); )
)
-vs.- ) No. CV-95-P-3050-S
)
CHARTER OAK FIRE INSURANCE CO., )
THE TRAVELERS INSURANCE CO., )
STATE FARM FIRE & CASUALTY )
CO., STATE FARM MUTUAL )
AUTOMOBILE INSURANCE CO., )
    Defendant(s). )

ENTERED

JUL 0 2 1997

## OPINION

A motion for summary judgment by defendants Charter Oak Fire Insurance Co. ("Charter Oak") and The Travelers Insurance Co. ("The Travelers") and a motion for summary judgment by defendants State Farm Fire & Casualty Co. ("State Farm Fire") and State Farm Mutual Automobile Insurance Co. ("State Farm Auto") were considered at a prior motion docket. For the following reasons, these motions are due to be granted.

### Facts[1]

Plaintiff Gerald Vines is a licenced public accountant. On October 18, 1989, Vines' automobile was stolen from in front of his office. The vehicle contained tax records that were used in Vines' business. At the time, the vehicle was insured by a State Farm Auto automobile policy and a State Farm Fire homeowners policy. The vehicle was also insured by a Charter Oak

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

property and general liability policy issued to Gerald L. and Charlotte B. Vines d/b/a Gerald Vines, Public Accountants. Charter Oak is a subsidiary of Travelers.

Vines made a claim under the State Farm Auto policy. That policy provides coverage for the car, equipment common to use as a car, clothes and luggage, and detachable living quarters. State Farm Auto paid for repair to the car and for some personal items contained in the car. Vines also made a claim under the State Farm Fire policy. That policy provides coverage for personal property, but contains a $200.00 liability limit for property used or intended to be used in a business. The policy excludes coverage for books of account and other records. State Farm Fire paid Vines $200.00 for business records.

Gerald L. Vines filed a lawsuit numbered CV-92-G-55-S in the Northern District of Alabama against The Travelers Company alleging bad faith, breach of contract, fraud, and outrage stemming from the company's failure to pay a claim for wind damage to his building. On May 26, 1997, Vines added a claim for tax penalties due to the loss of tax records during the theft of his car. The case was dismissed with prejudice on June 4, 1992 due to Vines' failure to litigate in good faith.

On November 22, 1995 the plaintiffs filed this lawsuit, alleging claims of bad faith and breach of contract due to the theft of his car.[2] In the complaint, the plaintiffs allege that they are entitled to insurance proceeds for loss of the tax records, as well as other consequential damages stemming from the loss of the tax records, including tax penalties and other assessments by the Internal Revenue Service.

---

2. It is unclear whether the plaintiffs are alleging bad faith against these defendants.

Analysis

I.  State Farm

The plaintiffs allege that State Farm Fire and State Farm Auto breached their contracts with the plaintiffs by failing to pay insurance proceeds and other damages stemming from the loss of the tax records. However, an examination of the contracts indicates that State Farm Fire and State Farm Auto paid the plaintiffs what was due under the contracts. Therefore, State Farm Fire and State Farm Auto are due to be granted summary judgment on the plaintiffs' breach of contract claims.[3]

II.  Charter Oak

Charter Oak and Travelers argue that the plaintiffs' present suit is barred by the doctrine of res judicata. The doctrine of res judicata requires 1) a prior judgment on the merits 2) rendered by a court of competent jurisdiction 3) with substantial identity of the parties and 4) with the same cause of action presented in both suits. *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). If each of the elements is satisfied, the doctrine precludes relitigation of the previous claims. Dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise. *Hart v. Yamaha-Parts Distributors*, 787 F.2d 1468, 1470 (11th Cir. 1986).

In this case the court dismissed the prior case with prejudice and therefore rendered a judgment on the merits. As well, the court was one with competent jurisdiction. The parties were in part the same. The plaintiff in the prior suit is identical to two plaintiffs in this suit — Gerald

---

3. To the extent that the plaintiffs are making a bad faith claim against State Farm Fire and Auto, the State Farm defendants are due to be granted summary judgment because the plaintiffs' bad faith claim is barred by the applicable two-year statute of limitations. *Alfa Mutual Insurance Company v. Smith*, 540 So. 2d 691, 692 (Ala. 1988).

3

L. Vines and Gerald Vines, Public Accountants.[4/] The defendant is the same in each case. The same cause of action was pursued in each lawsuit. Although Vines did not include a cause of action arising out of the theft of the tax records in his original complaint in the prior suit, he expanded his claim at his deposition to seek recovery of tax penalties and other damages caused by the theft of the tax records.[5/] Therefore, The Travelers and Charter Oak are due to be granted summary judgment on breach of contract claims by Gerald L. Vines and Gerald Vines, Public Accountants. To the extent that Gerald L. Vines Co. States a breach of contract claim against The Travelers or Charter Oak, the defendants are due to be granted summary judgment because The Travelers and Charter Oak had no contract with Gerald L. Vines Co.[6/]

Dated: ~~June~~ July 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
   Mr. William Jackson Freeman
   Mr. Gerald L. Vines
   Mr. Brenen G. Ely
   Ms. Carol Ann Smith
   Mr. Bert S. Nettles
   Mr. Aziz David Fawal
   Mr. Kenneth Edward Sexton, II

---

4. Gerald Vines, Public Accountants does not appear to be a corporation or any other legal entity. The contract with Charter Oak insured Gerald L. and Charlotte B. Vines d/b/a Gerald Vines, Public Accountants and indicates that the policy insures an individual.

5. Vines' expansion of his claims was noted by the court in its July 2, 1992 opinion.

6. To the extent that the plaintiffs are making a bad faith claim against The Travelers and Charter Oak, the defendants are due to be granted summary judgment because the plaintiffs' bad faith claim is barred by the applicable two-year statute of limitations. *Alfa Mutual Insurance Company v. Smith*, 540 So. 2d 691, 692 (Ala. 1988).